## Minor, Appellant, *v.* Lancashire.

A forthcoming bond becomes forfeited on the day appointed for the delivery of the property, if the property is not produced; and has the effect of a judgment from that time.

APPEAL from the circuit court of Adams county.

The appellee in this cause recovered a judgment against John B. Sevier, in the circuit court of Adams county, for the sum of two hundred and fifty-two dollars, on which he sued out execution, which was levied upon personal property of the defendant, and he gave a forthcoming bond in pursuance of the statute, with one J. J. H. Duval, as security. The bond was conditioned for the delivery of the property which had been levied upon the execution, on the 17th day of September, 1838. The property was not delivered according to the condition, and the sheriff returned it with the execution to the following term of the court from which the execution issued, with an endorsement by him that the same was forfeited. On the 28th day of September, 1838, eleven days after the forfeiture of the forthcoming bond, the appellant purchased the negro girl called Clara, of the said John B. Sevier, and paid a full consideration for her. An execution afterwards issued in pursuance of the statute, against Sevier and his security, on the forthcoming bond, which was levied upon the slave Clara. The appellant filed his claim to the property, and at the April term, 1839, an issue was made up to try the title, and a verdict was found for the plaintiff in the execution.

The court below charged the jury, that a forthcoming bond when forfeited, has the force and effect of a judgment against all the obligors in the bond from the time of the forfeiture, unless it is set aside, or quashed at the return term of the execution, which charge was assigned for error.

Eustis for appellant.

The main question for the consideration of the court in this case,

is, when does the lien attach under a forthcoming bond?    At the
date of the forfeiture in *fact*, or at the date of the return of the
bond forfeited, to wit: at the return term of the *fieri facias* on the
original judgment.

It is contended for the claimant, the appellant in this case, that
the lien does not attach until the return of the bond forfeited, or
delivery of execution thereon to the sheriff; and that consequently
a *bona fide* purchaser prior to such return day, although subse-
quent to the original judgment, shall hold the property discharged
from any liability to the *fieri facias* on the bond.

As this is a question of construction of statutes, we ask what
was formerly and what is now the statute law of Mississippi on
the subject matter.    The first act on the subject of forthcoming
bonds, p. 203, Rev. Code, sec. 28, made the bond returnable in
vacation, and execution was thereupon immediately issued at the
will of the parties interested.    But at that time it will be remem-
bered that liens under judgment arose " only from the time that
such writ shall be delivered to the sheriff."    Rev. Code, 197,
sec. 8.    The act of 1827, p. 124, Consolidated acts of Mississippi,
merely changed the time of returning the bond, and took away the
right of *fieri facias* on bond in vacation.    Then follows the act of
1824, which by the opinion of this court in the case of  Burney *v.*
Boyett, 1 Howard, 41, transferred the lien on judgment, " to the
date of entering up such judgment," in all cases.

From the above statutes, it is contended for the appellants:

1. That under the old law authorising forthcoming bonds, the
terms "force and effect of a judgment" did not make the bond a
lien upon the real or personal property of the defendant until an
execution under such bond was delivered to the sheriff.

2. That the act of 1824, fixing the date of lien upon judgments
at the time " of entering up such judgments" does not and cannot
apply to the *quasi* judgment on a forthcoming bond, because the
very incident which is to fix the date of the lien, to wit: "the en-
tering up" is wanting to such *quasi* judgment, consequently that
these *quasi* judgments must remain as before the law of 1824,
and liens of such *quasi* judgments must date from the delivery o
the *fieri facias* on bond to the sheriff.

If however, in the opinion of the court, it is the forfeiture that

[Minor, Appellant, *v.* Lancashire.]

makes the lien, then it is contended that this must be a forfeiture judicially fixed and known, which cannot be till the bond shall be returned. This will further appear from the fact that the act of 1827 no where directs the sheriff on what particular sale-days the property that is bonded shall be delivered, does not direct a sale-day on which bonds shall be forfeited; does not any where treat of the date of the forfeiture as a material incident, but leaves it entirely to the sheriff, who may thus, without violating any law of the land, give a material advantage to one plaintiff out of many, by the simple process of making the bond in his favor forfeitable in fact at an earlier day than others in his hands. In other words, if the date of the forfeiture in fact is a material incident, and dates the lien, then the operation of the law is to require of the sheriff to execute a judicial function.

Again. The law presumes that the court passes upon these forthcoming bonds, at the return term, and it is such implied action of the court that authorises the issuing of execution. Until such implied action of the court, they are in the nature of judgments *nisi*, under which there can be no lien.

It is further suggested for appellant, that an instrument of lien must not only be certain, but there must be some evidence of that lien attainable by third parties, which shall be actual or constructive notice to all the world. The doctrine of *caveat emptor* requires a party merely to inspect the records of recording offices. From no such source could the appellant have ascertained the existence of this lien at the date of his purchase. The bond was then in the wallet of the deputy sheriff, but even if filed in the sheriff's office, the case is not changed. Papers filed in the sheriff's office are not records, nor can third parties be presumed by law to have inspected them.

The doctrine contended for by appellees tends to the encouragement of secret liens, which are against the policy of the law, and alike abhorred of courts of law as of equity.

No claim to the property is pretended by virtue of the original judgment. That was satisfied by the taking and forfeiture of the forthcoming bonds. 1 Howard, 34, 60.

There is error in the form of the judgment rendered, which will be seen on inspection of the record.

Montgomery and Boyd, *contra.*

The only question involved in this case is, when did the lien of the *quasi* judgment (the forfeited forthcoming bond) attach.

It has been settled by repeated decisions of the Supreme Court and recognised as law by this court, that the forth-coming bond was a satisfaction of the judgment on which the execution issued, but there is no decision as to the time the bond acquires the force and effect of a judgment. The statute of 1827 requires the sheriff to return the execution and bond to the court from which it issued. And then provides that such forfeited bond shall have the force and effect of a judgment, and that execution may issue, &c. 1 Howard, 67, 98. See collection of statutes.

In this case, the bond was forfeited before Minor purchased the slave, but the slave was purchased before the execution and bond was returned. If the bond obtained the force and effect of a judgment when forfeited the judgment was right, if not until the return term of the bond, &c. then the decision should have been in favor of Minor.

The judgments of a court of record of England are considered as rendered on the first day of the term, as the term by fiction is considered as one day, and a judgment rendered on any day of the term was a lien on land from the first day of the term by relation. So the return of the execution and bond to the court is essential to give the bond the force and effect of a judgment, yet when such return is made, it gives the bond that force by relation from the day of forfeiture.

The language of the statute of 1827, does not differ from the act of 1822, except as to the time the bond and execution shall be returned, yet the execution on the bond under the statute of 1822 could be issued on a return made in vacation.

The error in the form of the judgment is amendable, and this court will amend it.

Mr. Justice Trotter stated the case and delivered the opinion of the court.

The court below, upon being requested, charged the jury that a forthcoming bond when forfeited has the force and effect of a judgment against all the obligors therein, from the date of the for-

feiture, unless it is set aside or quashed at the return term of the execution.   The appellant excepted to this opinion of the judge, and it is the principal matter here assigned for error.   The 2d section of the act of 1827, provides for the taking of a forthcoming bond for personal property levied upon execution, and that if the property mentioned in the condition shall not be delivered on the day specified, the sheriff shall return the bond so forfeited, with the execution, to the court from which the same issued, on the return day thereof; and that any bond which shall be forfeited shall have the force and effect of a judgment.   It is evident that the *bond itself* has the force of a judgment, so soon as it becomes forfeited.   There is no action of the court necessary to give it that effect.   The return of it with the execution by the sheriff to the court is not what gives it its efficacy.   It is made to have the qualities of a judgment by reason of its forfeiture, and that takes place by a breach of its condition.   The failure to deliver the property is a breach of the condition and produces the forfeiture.   It is therefore clearly forfeited, on the day appointed for the delivery of the property, if the property is not produced;—and must therefore have the effect of a judgment, from that time.   This question is precisely met by the decision in Virginia, in the case of Lusk *v.* Ramsay, 3 Munford's Rep. 434.   "If however," says the court, "the bond is forfeited, the execution is completely at an end; the bond assumes a new character, attains the dignity of a judgment and becomes the foundation of a new procedure."   It is also held in the same case that though the judgment or execution lien is suspended after the delivery of the forthcoming bond, yet as soon as the bond is forfeited a *new lien* attaches.   The instructions given to the jury by the court below on this point were therefore clearly proper.   The statute under which this proceeding was conducted, directs that the judgment shall be the same as in ordinary actions of detinue.   The judgment in this case is rendered for the damages assessed in the verdict only.   It is therefore informal.   Let it be reversed, and rendered here in the alternative according to the facts in the record.